# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ, JR., | 1:09-cv-00381-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Docs. 13.) |
| J. BURNES, et al., | |
| Defendants. | |

**I. PROCEDURAL HISTORY**

Plaintiff, Armando Hernandez, Jr. ("plaintiff"), is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 2, 2009. (Doc. 1.) On March 23, 2009, plaintiff consented to Magistrate Judge jurisdiction, and no other parties have appeared in this action. (Doc. 5.) On August 28, 2009, plaintiff filed a motion seeking a federal injunction addressing his needs for access to the law library, his rights to confidential legal mail, and the deficiencies of the appeals process at the prison. (Doc. 13.)

**II. INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id</u>.

This action is proceeding against defendants for excessive physical force in violation of the Eighth Amendment and Due Process violations under the Fourteenth Amendment, based on an incident occurring on October 7, 2008 and a follow-up interview on November 18, 2008.  Plaintiff now requests a court order directing prison officials to provide him with access to the law library, confidential legal mail, and an improved appeals process at the prison.  Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff, and plaintiff's motion must be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief, filed August 28, 2009, is DENIED.

IT IS SO ORDERED.

Dated:   **August 31, 2009**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE