1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARMANDO HERNANEZ, JR.,                      Case No.: 1:09-cv-00381 JLT (PC)

12              Plaintiff,                       ORDER DISMISSING THE COMPLAINT
                                                 WITH LEAVE TO AMEND
13        vs.

14   J. BURNES, et al.,

15              Defendants.

16   _____/

17        Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in

19   accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the court is Plaintiff's

20   complaint filed March 2, 2009.

21   **I.     SCREENING**

22          **A.     Screening Requirement**

23        The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. § 1915(A)(a).  The

24   Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a

25   claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

26   such relief.  28 U.S.C. § 1915 (e)(2).  If the Court determines the complaint fails to state a claim, leave

27   to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

28   Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1

**B.**     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.**     Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   BACKGROUND

In his brief complaint, Plaintiff identifies Burnes, Hernandez, Nelson, Spearman, and Yates as Defendants in this action.  Plaintiff alleges the following:

> On October 07, 2008, my 8th Amendment rights against cruel and unusual punishment were violated by C/O Hernandez Rover #1 and C/O Burnes Rover #3, 2nd watch in Facility C in yard area by par course[.] [B]rute force was not used in a good faith effort to maintain or restore order by was applied maliciously and sadistically for the very purpose of causing me harm.  On November 18, 2008, civil rights guaranteed within the 14th Amendment procedural due process were violated by Lt. D. Nelson during a[] prejudicial, grossly disproportionate, despicable, completely inexcusable [and] bias[ed ] interview due to Lt. Nelson being the reporting staff of the incident[,] thus conflict of interest, unfair disadvantage to properly due diligence of 14th Amendment.

In terms of relief, Plaintiff seeks monetary damages and injunctive relief, including a restraining order against Defendants.  (Compl. at 1-3.)

## III.   DISCUSSION

### A.   Eighth Amendment - Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Factors the Court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably

3

1  perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a

2  forceful response. Id. (quoting and citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

3      Here, Plaintiff merely recites the legal standard for an excessive force claim. This is insufficient

4  to state a cognizable claim. Iqbal, 129 S. Ct. at 1949 ("[T]hreadbare recitals of the elements of a cause

5  of action, supported by mere conclusory statements do not suffice.") (citing Twombly, 550 U.S. at 555).

6  As noted above, under Fed. R. Civ. P. 8(a) a plaintiff must allege "sufficient factual matter" that, when

7  taken as true, plausibly demonstrates he is entitled to relief. Id. Accordingly, to plead a viable excessive

8  force claim in this case, Plaintiff must explain with sufficient detail the events that transpired on October

9  7, 2008, including what force Defendants used and to what extent Plaintiff was injured, if at all.

10     **B.     Fourteenth Amendment - Due Process**

11     The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a

12  person of life, liberty, or property without due process of law. A plaintiff alleging a procedural due

13  process violation must first demonstrate that he was deprived of a liberty or property interest protected

14  by the Due Process Clause and then show that the procedures attendant upon the deprivation were not

15  constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion

16  v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A protected liberty interest may arise under the Due

17  Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22

18  (2005).

19     In the prison context, a state statute or regulation gives rise to a protected liberty interest if it

20  imposes an "atypical and significant hardship [on the inmate] in relation to the ordinary incidents of

21  prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This determination requires a factual

22  comparison between the conditions of confinement imposed by the challenged action and the basic

23  conditions of prison life. See Wilkinson, 545 U.S. at 223-24 (conditions of a highly restrictive

24  "supermax" prison were a sufficient departure from general prison life as to implicate a protected liberty

25  interest); Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (no liberty interest where the conditions

26  of the security housing unit were not materially different from those in the general population).

27     Here, Plaintiff has failed to allege facts demonstrating that he was deprived of a protected liberty

28  interest. Plaintiff does not indicate what actions, disciplinary or otherwise, were taken against him as

1  a result of the allegedly biased interview with Defendant Nelson.  Nor does Plaintiff allege any changes

2  in the conditions of his confinement that would amount to an "atypical and significant hardship" or "a

3  major disruption in his environment."  Sandin, 515 U.S. at 484, 486.  Accordingly, Plaintiff's allegations

4  against Defendant Nelson fail to state a cognizable due process claim.

5        **C.**    **Supervisory Personnel**

6        Supervisory personnel are generally not liable under § 1983 for the actions of their employees

7  under a theory of *respondeat superior*.  Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978).

8  Therefore, when a named defendant holds a supervisory position, the causal link between him and the

9  claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10  (9th Cir. 1979).  In other words, "[u]nder § 1983 a supervisor is only liable for his own acts.  Where the

11  constitutional violations were largely committed by subordinates the supervisor is liable only if he

12  participated in or directed the violations."  Humphries v. County of Los Angeles, 554 F.3d 1170, 1202

13  (9th Cir. 2009).

14        Here, Plaintiff has identified two supervisors as Defendants to this action: Associate Warden

15  Spearman and Warden Yates.  Plaintiff, however, has failed to allege any facts as to these Defendants,

16  let alone facts demonstrating that these Defendants "participated in or directed the [alleged

17  constitutional] violations."  Id.  Rather, it appears that Plaintiff is seeking to impose liability on these

18  Defendants solely based upon their supervisory positions.   Accordingly, Plaintiff's complaint fails to

19  state a cognizable claim against Defendants Spearman and Yates.

20        **D.**    **Leave to Amend**

21        The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

22  deficiencies identified by the Court in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

23  1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear

24  that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

25  However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the

26  nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507

27  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an

28  amended complaint, his original pleadings are superceded and no longer serve any function in the case.

1  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete

2  in itself without reference to the prior or superceded pleading."  Local Rule 220.

3  **IV.    CONCLUSION**

4          Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

5          1.    Plaintiff's complaint is dismissed;

6          2.    Plaintiff is granted thirty (30) days from the date of this order to file an amended

7                complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

8                of Civil Procedure, and the Local Rules; the amended complaint must bear the docket

9                number assigned to this case and must be labeled "Amended Complaint";

10         3.    The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil

11               rights action; and

12         4.    Plaintiff is cautioned that failure to comply with this order will result in a

13               recommendation that this action be dismissed without prejudice.

14

15 IT IS SO ORDERED.

16 Dated:   **October 14, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28