IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANEZ, JR.,<br><br>       Plaintiff,<br><br>    vs.<br><br>J. BURNES, et al.,<br><br>       Defendants.<br>_____/ | Case No. 1:09-cv-00381 JLT (PC)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ON COGNIZABLE EXCESSIVE FORCE CLAIM OR FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. 18) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 15, 2010, the Court dismissed Plaintiff's complaint with leave to amend. Now pending before the Court is Plaintiff's amended complaint filed November 1, 2010.

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1

**B.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.    Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE AMENDED COMPLAINT

In his amended complaint, Plaintiff alleges that on October 7, 2008, Plaintiff was scheduled to appear before an Institutional Correctional Committee ("ICC") regarding a potential out-of-state transfer. As he waited to be seen by the ICC, Plaintiff sat at a table outside the prison's program office and started to draft an inmate appeal. Defendants Burnes and Hernandez approached Plaintiff and began yelling obscenities, insults, and racial slurs at him. Defendant Burnes then conducted a pat-down search of Plaintiff in an unusually harsh manner, causing Plaintiff to lose his balance and fall forward. Defendants Burnes and Hernandez subsequently knocked Plaintiff down, struck Plaintiff with clenched fists, and stomped on Plaintiff's back. As a result, Plaintiff suffered cuts and bruises to the right side of his head, arms, and knees. (Am. Compl. at 3-5.)

Defendants Carr and other correctional officers eventually escorted Plaintiff into the program office. There, a prison nurse examined Plaintiff's injuries. Defendant Carr also conducted a camera interview with Plaintiff to document his injuries. After the interview, Defendant Nelson drafted a crime/incident report, which was followed by a disciplinary report authored by Defendants Burnes and Carr on October 12, 2008. (Am. Compl. at 5-6, Ex. 7.)

Plaintiff filed an inmate grievance against Defendants Burnes and Hernandez regarding the use of force. Defendant Spearman conducted an inquiry into Plaintiff's allegations at the first level of review but ultimately concluded that Defendants Burnes and Hernandez had not violated prison policy. At the second level of review, Defendant Yates conducted an additional inquiry into Plaintiff's allegations and found, as before, that Defendants Burnes and Hernandez had not violated prison policy. Finally,

Plaintiff's appeal was denied at the director's level on April 28, 2009.  Thereafter, Plaintiff was transferred to an out-of-state prison facility.  (Am. Compl. at 7-8, Exs. 1-6.)

Based on the above allegations, Plaintiff claims that: (1) Defendants Burnes and Hernandez used excessive force in violation of the Eighth Amendment; (2) Defendants Carr, Nelson, Spearman, and Yates failed to adequately train Defendants Burnes and Hernandez in violation of the Eighth Amendment; and (3) Defendants Burnes, Hernandez, Carr, Nelson, Spearman, and Yates violated Plaintiff's equal protection and due process rights by harassing, intimidating, and retaliating against him.  In terms of relief, Plaintiff seeks monetary damages.  (Am. Compl. at 8-12.)

## III. DISCUSSION

### A. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Factors the Court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting and citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Plaintiff appears to state cognizable excessive force claims against Defendants Burnes and Hernandez. Plaintiff alleges that Defendants Burnes and Hernandez conducted a pat-down search of him for no apparent reason.  Plaintiff alleges further that when he lost his balance and fell forward in a non-aggressive manner, Defendants Burnes and Hernandez knocked him to the floor and struck him repeatedly.  These allegations are sufficient to plead a violation of the Eighth Amendment.

### B. Failure to Train

Plaintiff alleges that Defendants Carr, Nelson, Spearman, and Yates failed to adequately train Defendants Burnes and Hernandez in the appropriate use of force.  A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate

indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998).  To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation.  Id. at 1214.  See also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Here, Plaintiff fails to specify in what ways the training of Defendants Burnes and Hernandez were inadequate.  In addition, Plaintiff fails to show that the inadequate training was a deliberate choice by Defendants Carr, Nelson, Spearman, and Yates or that these Defendants had any role in training subordinate correctional officers in the use of force.  Rather, Plaintiff's conclusory allegations appear to be a plain attempt at imposing supervisorial liability on these Defendants under a theory of *respondeat superior*.  However, as the Court explained in its previous screening order, *respondeat superior* is insufficient for establishing liability under § 1983.  Iqbal, 129 S. Ct. at 1948; see Monell, 436 U.S. at 691.

**C.     Harassment and Intimidation**

Plaintiff claims that Defendants Burnes, Hernandez, Carr, Nelson, Spearman, and Yates harassed and intimidated him in violation of his equal protection and due process rights.  Verbal harassment or abuse, however, does not give rise to a constitutional deprivation under § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats of bodily harm do not give rise to a constitutional violation).  Accordingly, Plaintiff's allegations regarding harassment and intimidation fail to state a cognizable claim.

**D.     Retaliation**

To the extent that Plaintiff alleges that Defendants Burnes, Hernandez, Carr, Nelson, Spearman, and Yates retaliated against him, Plaintiff's claims are appropriately assessed under the First Amendment.  Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected

conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

Here, Plaintiff fails to demonstrate that Defendants acted adversely toward him because of his protected conduct. With respect to Defendants Burnes and Hernandez, Plaintiff does not allege that these Defendants had knowledge of any grievance or lawsuit filed by Plaintiff. Moreover, the grievance drafted by Plaintiff while he waited for his ICC hearing does not appear to have been of any particular importance to Defendants Burnes and Hernandez. Plaintiff therefore fails to demonstrate a causal link between his protected conduct and the alleged use of excessive force by Defendants Burnes and Hernandez.

As to Defendants Carr, Nelson, Spearman, and Yates, it is entirely unclear as to what adverse actions these Defendants took against Plaintiff. To the extent that Plaintiff alleges that these Defendants drafted disciplinary reports against Plaintiff and denied his inmate grievances, these actions do not appear, in any way, to be retaliatory. To the contrary, Defendants Carr, Nelson, Spearman, and Yates appear to have acted solely within their official responsibilities and appear to have advanced legitimate penological purposes. Accordingly, the allegations in Plaintiff's amended complaint fail to state cognizable retaliation claims against Defendants Burnes, Hernandez, Carr, Nelson, Spearman, and Yates.

### E.     Leave to Amend

In sum, the Court finds that the amended complaint appears to state cognizable excessive force claims against Defendants Burnes and Hernandez. The Court finds, however, that the amended complaint fails to state cognizable claims against Defendants Burnes, Hernandez, Carr, Nelson, Spearman, and Yates regarding inadequate training, harassment, and retaliation.

Therefore Plaintiff may proceed in one of two ways. First, Plaintiff may elect to serve the amended complaint on Defendants Burnes and Hernandez and pursue only his Eighth Amendment excessive force claim. Second, Plaintiff may delay service and file a second amended complaint, attempting to cure the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

(internal quotations omitted). If Plaintiff elects to file a second amended complaint, he is cautioned, once again, that he may not change the nature of this suit by adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his second amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

## IV. CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he wishes to serve the amended complaint on Defendants Burnes and Hernandez and proceed against these Defendants only on his Eighth Amendment excessive force claim; or
   b. File a second amended complaint attempting to cure the deficiencies identified by the Court in this order.
2. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
3. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this case. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: **November 6, 2010**        /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE