IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANEZ, JR., | Case No. 1:09-cv-00381 JLT (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 36) |
| J. BURNES, et al., | |
| Defendants. | |
| _____/ | |

On June 14, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations,

which, if proved, would entitle him to relief, his case is not exceptional. Nor is it overly complex. This case involves a single type of claim (excessive force under the Eighth Amendment) against two defendants. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and complex of cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's June 14, 2011 motion for appointment of counsel (Doc. 36) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 16, 2011**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE