UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ, JR., | Case No.: 1:09-cv-00381 JLT (PC) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| J. BURNES, et al., | (Doc. 47) |
| Defendants. | |

In his second amended complaint for damages, Plaintiff, Armando Hernandez, claims that Defendants Burnes and Hernandez subjected him to excessive force. (Doc. 20)  In this current motion, Defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 47).  Defendants contend that the force used was necessary and reasonable based upon their reasonable perception that Plaintiff was disruptive and refusing to comply with orders and that Plaintiff's injuries were only minimal. Id. at 47-1 at 1-2.

In his opposition, Plaintiff claims that the use of force was unnecessary and unreasonable and was used for purposes of harassment and that it was preceded by Defendants yelling obscenities, insults and racial slurs at him. (Doc. 51 at 5-7).  During the incident, Plaintiff claims Defendants struck him with their fists and stomped on him with their feet. Id. at 7.

For the following reasons, Defendant's motion for summary judgment is **DENIED**.

///

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint for civil rights violations on March 2, 2009. (Doc. 1). The Court screened the complaint and on December 21, 2010, ordered the Second Amended Complaint to be served on Defendants Burnes and Hernandez related to Plaintiff's claims that they subjected him to excessive force. (Doc. 21 at 1)  Defendants answered the complaint on May 24, 2011 (Doc. 33) and filed the instant motion on June 1, 2012. (Doc. 47)  Plaintiff filed his opposition on July 16, 2012 (Doc. 51) and Defendants replied on July 19, 2012 (Doc. 54).

## II. FACTUAL BACKGROUND

On October 7, 2008, Plaintiff was awaiting his appearance before the Institutional Correctional Committee, to consider whether he would be transferred to a different facility. (Doc. 51 at 6) Plaintiff sat at a table nearby to prepare for the hearing. Id. Defendants approached and required that he submit to a "pat-down" search for weapons. Id. Defendant Burnes conducted the search during which Plaintiff fell down into a sitting position. Id. Plaintiff contends that he lost his balance during the pat-down which caused him to sit. Id. Perceiving this response to be aggressive, Burnes and Hernandez used force. (Doc. 47-3 at 1-2; Doc. 47-4 at 2-3)  They contend they used only that force needed to regain control of Plaintiff. Id.

Plaintiff, however, contends that the officers began striking him with fists and stomping him on his back and head and smashing his face onto the ground. (Doc. 51 at 7)  Plaintiff contends that he suffered bruises, scratches and gashes on his head, arms and knees. Id. Plaintiff contends that these injuries were documented by medical staff and via photos taken by correctional personnel. Id. Indeed, medical records demonstrate that he suffered abrasions on his arm, knee and forehead. (Doc. 47-5 at 4)  He claims that the event caused him ongoing pain in his shoulder and back and caused him emotional injuries. (Doc. 51 at 7)

## II. STANDARDS FOR SUMMARY JUDGMENT

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

2

1  Fed. R. Civ. P. 56(a).  Summary judgment should be entered, "after adequate time for discovery and
2  upon motion, against a party who fails to make a showing sufficient to establish the existence of an
3  element essential to that party's case, and on which that party will bear the burden of proof at trial."
4  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

5       A party seeking summary judgment bears the "initial responsibility" of demonstrating the
6  absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 323.  An issue of fact is genuine only
7  if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact
8  is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty*
9  *Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th
10 Cir. 1987).  The party seeking summary judgment demonstrates it is appropriate by "informing the
11 district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions,
12 answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes
13 demonstrates the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323 (quoting Fed.
14 R. Civ. P. 56(c)).

15      If the moving party meets its initial burden, the burden then shifts to the opposing party to
16 identify "a genuine issue of material fact by presenting *affirmative evidence* from which a jury could
17 find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Anderson*, 477 U.S. at
18 257 (1986)) (emphasis in the original); *see also* Fed R. Civ. P. 56(e).  The party is required to tender
19 evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of
20 its contention that a factual dispute exits.  *Matsuhita*, 475 U.S. at 586 n.11; Fed. R. Civ. P. 56(c).
21 Thus, an opposing party "must do more than simply show that there is some metaphysical doubt as to
22 the material facts." *Matsuhita*, 475 U.S. at 587.

23      The opposing party is not required to establish a material issue of fact conclusively in its favor;
24 it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
25 parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors*
26 *Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).
27 ///
28 ///

### III. PROTECTIONS OF THE EIGHTH AMENDMENT

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102, (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976)). The Eighth Amendment proscribes a freedom from cruel and unusual punishment, which protects prisoners from the use of excessive physical force. *Clement v. Gomez*, 298 F.3d 989, 903 (9th Cir. 2002); *U.S. Constitution, amend. VIII*. When prison officials are accused of excessive force, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The malicious and sadistic use of force by prison officials to cause harm always violates contemporary standards of decency. *Id.* at 9.

### IV. DISCUSSION AND ANALYSIS

#### A. Excessive Force

The Supreme Court explained that the Eighth Amendment is not implicated by "every malevolent touch by a prison guard." *Hudson*, 503 F.3d at 9 (citing *Johnson v. Glick*, 481 F. 2d 1208 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). Factors the Court may consider to determine whether a prison guard used excessive force include (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. *Id.* at 7 (citing *Whitley*, 475 U.S. at 321).

Here, there is no dispute that Plaintiff sat down during the pat-down search of his person on October 7, 2008. Defendants contend that this, in essence, ends the analysis because it is evidence of Plaintiff's refusal to comply with orders. However, even if Plaintiff was actively resisting when he sat down and continued to resist afterward, the Court is hard-pressed to determine that Defendants were entitled to stomp on Plaintiff's head and back and to smash his face into the ground. Moreover, Defendants ignore that Plaintiff claims he was fully compliant, that he merely lost his balance and fell and that he offered no resistance then or after, to their efforts to control him. Coupled with Plaintiff's

1 claim that Defendants instigated the event by cursing at Plaintiff and making racial slurs, this raises
2 the specter that the reasoning for conducting the pat-down search was not to ensure the yard was
3 secure, but for malicious and sadistic purposes. *Whitley*, 475 U.S. at 321.

4       Defendants would have this Court find that their version of the events is more credible than
5 Plaintiff's; indeed, a jury may so find. However, the Supreme Court explained that summary
6 judgment does not authorize "trial on affidavits." *Anderson*, 477 U.S. at 225. In resolving a motion
7 for summary judgment, "the court does not make credibility determinations or weigh conflicting
8 evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also Anderson*,
9 477 U.S. at 225 ("Credibility determinations, the weighing of evidence, and the drawing of legitimate
10 inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary
11 judgment"). Rather, "the evidence of the nonmovant is to be believed, and all justifiable inferences
12 are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

13       Moreover, if Plaintiff merely sat down rather than directing any resistive efforts toward either
14 officer , Defendant's perception that his doing so was a threat, was insufficient to justify the use of
15 force that Plaintiff describes. *See Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) ("[a]
16 simple statement by an officer that he fears for his safety or the safety others is not enough; there must
17 be objective factors to justify such a concern"). In any event, whether Plaintiff acted in an aggressive
18 manner is a factual dispute that must be resolved by a jury.

19       On the other hand, though Defendants argue the extent of Plaintiff's injuries demonstrate that
20 the force used was not excessive, the Court is not convinced. The medical documentation shows
21 injuries to Plaintiff's head, arm and knees. The Court cannot review this sheet and conclude as to the
22 amount of force used. The injuries that would be expected from the force described by Plaintiff, is
23 unknown to the Court. Moreover, it is unknown whether all of the injuries would have been apparent
24 by visual inspection immediately after the event. Finally, though the medical records seem to
25 demonstrate that Plaintiff did not complain that he suffered from shoulder or back pain after the event
26 --as he claims here--much of the writing on the medical records is indecipherable and Defendants have
27 failed to provide a declaration explaining the information which is recorded in them. Thus, there is a
28

5

genuine dispute of material fact and Defendants are not entitled to summary judgment. *See Celotex,* 477 U.S. at 323.

### B.   Qualified Immunity

Qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The threshold inquiry is whether the facts alleged, when taken in the light most favorable to the plaintiff, show the defendant violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If there is a constitutional violation, "the next sequential step is to ask whether the right was clearly established." *Id.*  Finally, the right must be so "clearly established" that "a reasonable official would understand that what he is doing violates that right." *Id.* at 202; *see also McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000) ("The test for qualified immunity is: (1) identification of the specific right being violated; (2) determination of whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) a determination of whether a reasonable officer would have believed that the policy or decision in question was lawful").

Defendants argue they are entitled to qualified immunity because they used only reasonable force and they reasonably believed their actions were lawful.[1]  (Doc. 47-1 at 9)  However, as explained above, the facts viewed in the light most favorable to Plaintiff demonstrate a violation of the Eighth Amendment.  As Defendants admit, it is a clearly established violation of the Constitution when an officer uses unlawful force—including punching and stomping about the head and neck--when a prisoner is not resistant.  *See Hudson*, 503 U.S. at 9.  Given the factual disputes, Defendants are not entitled to qualified immunity at this time.

///

---

[1] In making these arguments, in truth, Defendants claim that they are not liable rather than arguing that, even if they committed wrongdoing, they should be determined to be immune.

## V. ORDER

Whether Plaintiff actively resisted the officers and refused to comply with their lawful orders "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. On the other hand, even in this event, it is unlikely that Defendants would have been justified in stomping on Plaintiff's head and neck. Accordingly, Plaintiff has demonstrated that there exists a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). Further, Defendants are not entitled to qualified immunity, because no reasonable officer could believe the force was permitted to be used on an unresisting and compliant prisoner. *Hudson*, 503 U.S. at 6-7. Therefore, the Court **ORDERS**:

1. Defendants' motion for summary judgment is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 16, 2012**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE