UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ, JR.,<br><br>        Plaintiff,<br><br>   v.<br><br>J. BURNES, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-00381 JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 59) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint and initiated this action on March 2, 2011. (Doc. 1.)

    On August 29, 2012, plaintiff filed his second motion to appoint of counsel. Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. While Plaintiff has successfully defeated Defendants' recent motion for summary judgment, the court cannot make a determination that Plaintiff is likely to succeed on the merits.

Plaintiff asserts he is unaware of further action he needs to take to move forward with his case. (Doc. 59). However, on August 16, 2012, this Court issued a Second Scheduling Order which sets forth, among other things, Plaintiff's due date for serving his pretrial statement, provides reference to Local Rule 281 and Fed. R. Civ. P. 16 (regarding the information to be included in his pretrial statements), and outlines the procedures for obtaining any witnesses for trial. (Doc. 58). Based on a review of the record in this case, Plaintiff has shown he is able to respond to Court orders, meet court deadlines, and adequately articulate arguments to support his claims. Thus, the Court finds no reason to believe Plaintiff will be unable to continue to do so in preparation for and at trial.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 4, 2012**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE