UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BURNES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-00381 JLT<br><br>PRETRIAL ORDER<br><br>Deadlines:<br><br>Motions in Limine Filing: 10/19/12<br><br>Oppositions to Motions in Limine: 10/26/12<br><br>Trial Submissions: 10/26/12<br><br>Jury trial: 11/13/2012, 8:30, Courtroom 6 |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This matter has completed discovery and dispositive motions have been decided.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will by this order set a further schedule for this litigation.  Upon consideration of the parties' comments at hearing, the parties' pretrial statements and the file in this case, the Court issues the following pretrial order.

**A.　JURISDICTION/ VENUE**

　　　　Plaintiff seeks relief under 42 U.S.C. § 1983.  Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.  In addition, Plaintiff's claims arise out of events that occurred at Pleasant Valley state Prison, located in Coalinga, California.  Accordingly, venue is proper

in the United States District Court for the Eastern District of California sitting in Bakersfield. 28 U.S.C. § 1391.

**B.     JURY TRIAL**

Plaintiff included a demand for jury trial in his original complaint. Defendants also included a demand for jury trial in their answers. Accordingly, trial will be by jury.

**C.     UNDISPUTED FACTS**

1. On October 7, 2008, Plaintiff was housed at PVSP
2. On October 7, 2008, Defendants were correctional officers at PVSP
3. On October 7, 2008, Defendants approached Plaintiff
4. Defendants attempted to conduct a pat-down search of Plaintiff
5. During the search, Plaintiff dropped down to the ground
6. Plaintiff was handcuffed and escorted away by Officers Owens and Aguirre

**D.     DISPUTED FACTS**

All other facts are disputed.

**E.     DISPUTED EVIDENTIARY ISSUES**

<u>Plaintiff's Evidentiary Issues</u>

Plaintiff listed a number of documents and identified other items in this section of the report but clarified at the hearing that his intention, in this regard, was to ask the Court to require production of these documents and items before trial. Plaintiff admitted that he conducted no discovery in this case and had no explanation for waiting until now to seek discovery. As set forth below, the request for additional discovery is **DENIED** but, also as ordered below, the parties are required to exchange the exhibits they intend to use at trial.

<u>Defendants' Evidentiary Issues</u>

1. None

**F.     SPECIAL FACTUAL INFORMATION**

None.

**G.     RELIEF SOUGHT**

Plaintiff seeks declaratory judgment, compensatory and punitive damages and fees and costs. Because he did not allege a declaratory judgment action, he may not seek this relief. Likewise, because he represented himself and has not incurred any costs, he cannot recover fees and costs. Defendants pray for judgment in their favor with an award of attorney fees and costs.

## H.   POINTS OF LAW

### 1.   Section 1983

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

### 2.   2.   Eighth Amendment Excessive Force/Failure to Protect Claim

The Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). The core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force

is not of a sort repugnant to the conscience of mankind. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Wilkins, 130 S. Ct. at 1178.

### 3. Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that the defendant's conduct is "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986). See also Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994).

## I. ABANDONDED ISSUES

None.

## J. WITNESSES

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

Plaintiff anticipates calling the following witnesses:

1. Armando Hernandez

Defendants anticipate calling the following witnesses:

4

1. J. Burnes
2. J. Hernandez
3. Correctional Officer Owens
4. Correctional Officer Aguirre
5. Larry Mackin, Litigation Coordinator
6. Lt. R. Roman-Marin

**K.  EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

<u>Plaintiff's Exhibits</u>

1. Medical records
2. All 602s and responses thereto related to the October 7, 2008 incident
3. Serious Rules Violation Report dated October 7, 2008 and documents related to the investigation and administrative hearing
4. Crime/Incident reports related to the October 7, 2008 incident
5. Medical Report of Injury or Unusual Occurrence dated October 7, 2008
6. Pleadings, records and files filed in this case be
7. Exhibits relied upon by Defendants
8. At the hearing, Plaintiff indicated that he wished to use the recorded use-of-force interview to demonstrate the injuries he suffered as a result of the incident.

<u>Defendants' Exhibits</u>

1. CDC 115 rules violation report dated October 12, 2008
2. CDC 7219, report of injury dated October 7, 2008
3. Pleasant Valley State Prison daily yard schedule

        d.        Video of use of force interview dated October 7, 2008

On or before **October 19, 2012**, each party shall provide the other with a copy of any exhibit <u>not previously</u> produced during discovery that the party intends to present at trial. In addition, the original and four copies of all trial exhibits, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **October 26, 2012.**[1] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 1 (e.g., PX-1, PX-2, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with 500 (e.g., DX-500, DX-501, etc.).

The Parties shall number each page of any exhibit exceeding one page in length.

**L.**    **DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

Because no discovery occurred in this case, there are no discovery documents to be used at trial.

**M.**    **FURTHER DISCOVERY OR MOTIONS**

Discovery closed in this action on January 26, 2012. Plaintiff requests time to conduct additional discovery. However, he fails to explain why he did not conduct the needed discovery during the discovery period or why has waited until 9 months after the completion of the discovery period and when the case is on the eve of trial to make this request. Likewise, he fails to explain what discovery he believes is needed and from what source he expects to obtain this discovery. Thus, the request to conduct further discovery is **DENIED**.

---

[1] This includes the Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand, and one to retain for themselves.

1  ///

2  ///

3  **Motions in Limine**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n.4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

All motions in limine must be served on the other party, and filed with the Court, by **October 19, 2012.** The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **October 26, 2012**. The Court will decide all motions in limine upon the written submissions. The parties are reminded that they may still object to the introduction of evidence during trial.

**N.   STIPULATIONS**

The parties have not agreed upon any stipulations at this time.

**O.   AMENDMENTS/ DISMISSALS**

None at this time.

**P.   SETTLEMENT NEGOTIATIONS**

Though Plaintiff requests a settlement conference, Defendants report that they do not wish to participate in settlement discussions.

**Q.   AGREED STATEMENT**

None.

**R.   SEPARATE TRIAL OF ISSUES**

The Court will bifurcate the issue of punitive damages. If the jury finds that the Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

S.   **EXPERTS**

Though Plaintiff asserts that appointment of an impartial expert would be beneficial, he fails to explain the type of expert he believes is needed. Moreover, from the Court's review of the matter, it does not appear that there are issues within the realm of expert testimony. Thus, the request for appointment of an impartial expert is **DENIED**.

T.   **ATTORNEYS' FEES**

Plaintiff is proceeding *pro se* and is not entitled to attorney's fees. Defendants do not seek attorneys' fees or costs.

U.   **TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **November 13, 2012**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last no longer than 2-3 days.

V.   **TRIAL PREPARATION AND SUBMISSIONS**

1.   **Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **October 26, 2012**

2.   **Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **October 26, 2012.**

3.   **Statement of the Case**

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **October 26, 2012.** The Court will consider the parties' statements but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

///
///
///

### 4. Jury Instructions

Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **October 19, 2012.** If Plaintiff also wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so on or before **October 26, 2012.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at JLTOrders@caed.uscourts.gov. If Plaintiff elects to file any proposed jury instructions, he may file those, as normal, under this case number with the Clerk of the Court.

### 5. Verdict Form

Defendants shall file a proposed verdict form as provided in Local Rule 163 on or before **October 19, 2012.** If Plaintiff also wishes to file a proposed verdict form or object to the one filed by Defendants, he must do so on or before **October 26, 2012.**

## W. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## X. MISCELLANEOUS MATTERS

None.

## Y. COMPLIANCE

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated: **October 4, 2012**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE